FILED
United States Court of Appeals
Tenth Circuit

NOV 25 2013

ELISABETH A. SHUMAKER
Clerk

**Case No. 13-1456**

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| **JAMES P. TENNILLE; ADELAIDA DELEON; YAMILET RODRIGUEZ; ROBERT P. SMET,** individually and on behalf of all others similarly situated, Plaintiffs / Appellees | On Appeal from the United States District Court for the District of Colorado - Denver |
| v | The Honorable John L Kane Civil Action No 09-cv-938-JLK consolidated with |
| **THE WESTERN UNION COMPANY** And **WESTERN UNION FINANCIAL SERVICES, INC.** Defendants / Appellees | Civil Action No 10-cv-765-JLK |
| and **PAUL DORSEY** Non-named Plaintiff - Objector / Appellant *pro se* | |

---

## OPENING BRIEF
## OF NON-NAMED PLAINTIFF
## & OBJECTOR / APPELLANT

---

PAUL DORSEY
*pro-se*
110 Westminster Drive
West Hartford, CT 06107
(860) 521-0081

# **TABLE OF CONTENTS**

CERTIFICATE ON THE NECESSITY OF MULTIPLE BRIEFS          1

STATEMENT OF RELATED CASES          3

JURISDICTIONAL STATEMENT          5

ISSUES PRESENTED          10

STATEMENT OF THE CASE          11

STATEMENT OF FACTS          11

SUMMARY OF THE ARGUMENT          13

ARGUMENT          14

CONCLUSION          16

CERTIFICATE OF SERVICE          16

CERTIFICATE OF PRIVACY REDACTIONS          18

CERTIFICATE OF COMPLIANCE WITH RULE 32(A)          19

# TABLE OF AUTHORITIES

<u>Cases</u>

In re: Bayer Corp. Combination Aspirin Products                    15
Marketing and Sales Practices Litigation.
       09-md-2023 (E Dist of New York, September 3, 2013)

In re: Ins. Brokerage Antitrust Lit.,                              12
       2007 WL 1963063 (D.N.J. July 2, 2007)

In re: Navistar Diesel Engine Products Liability Litgation.        14
       2013 LEXIS 113111 (N Dist IL E Div August 12, 2013).

In re: Toyota Motor Corp. Unintended Acceleration Marketing,       15
Sales Practices, and Products Liability Litigation.
       10-ml-02151 C. Dist Calif. October 21, 2013 )

<u>Rules and Statutes</u>

9 U.S.C. §§16(a)(1)(A) and (B)                                  6, 8, 10
28 U.S.C. §1291                                                       8
28 U.S.C. § 1332(d)(2)(A)                                             9
section 16 of the Federal Arbitration Act (FAA)                   7, 10
Fed. R. App. Proc. 39(e)                                             14
Fed. R. App. Proc. 28(i)                                         12, 15
Fed. R. Civ. Proc. 54(b)                                             8

## Certificate on the Necessity of Multiple Briefs

In accordance with 10th Circuit Court of Appeals local rule 31.3(B):

This case (13-1456) is a pro-se appeal by a class action member and objector (Paul Dorsey) who was ordered to pay an appeal bond of $1,007,294 after appealing the district court's Amended Final Judgement and Order of Dismissal. A Related case (13-1378) is from a similarly situated class action member (Sikora Nelson), but with the following differences:

### Difference 1

Nelson is represented by counsel.

### Difference 2

Nelson asserted a due process and equal protection claim against the amount of the bond, based on her level of income and savings. On information and belief, Nelson's appeal will be partially based on those grounds. Dorsey's appeal does not raise those due process or equal protection issues.

### Difference 3

In the district court, Dorsey contested the amount of the bond ($25,000) related to printing, copying and preparation of the supplemental record; Nelson did not.

## **Difference 4**

Dorsey offered to post a $5,000 cash bond; Nelson did not offer any alternative bond amount.

## **Difference 5**

The district court stated that Nelson's appeal was "not meritorious." The court never expressed an opinion on the merits of Dorsey's appeal.

11·22·13

*Paul Dorsey*

PAUL DORSEY, pro se
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081

2

## Statement of Related Cases

### The Initial Appeal by Western Union

The Defendants in the district court case, The Western Union Company and Western Union Financial Services, Inc. filed an appeal (still pending) with this court on November 23, 2011. That appeal was docketed as The Western Union Company, *et al* v. Tennille, 11-1531.

### The Opening Appeals by Two Objectors

A non-named plaintiff, class member and objector, Sikora Nelson of Michigan, represented by counsel (Drew, Cooper & Anding) filed an appeal with this court to the Final Judgment and Order of Dismissal (Doc 253) and Amended Final Judgment and Order of Dismissal (Doc 256). That appeal was docketed as Tennille, *et al* v. Western Union, *et al* 13-1310.

This appellant, Paul Dorsey, also a non-named plaintiff, class member and objector, filed a pro-se appeal with this court to the Amended Final Judgment and Order of Dismissal (Doc 256). That appeal was docketed as Tennille, *et al* v. Western Union, *et al* 13-1317.

### The Appeal Bond Appeals by the Two Objectors

The district court entered an order imposing an $1,007,294 "appeal bond" requirement on Appellants Nelson and Dorsey, payable jointly and severally (Doc

3

272, filed September 10, 2013). Appellant Nelson appealed that order and that appeal was assigned Case Number 13-1378.

At about the same time that appeal 13-1378 was filed, the district court issued a Minute order holding its appeal bond order in ABEYANCE (Doc 275, filed September 10, 2013) while certain procedurally issues were examined.

Those procedurally issues were fully addressed and resolved in the district court. In the end, on October 21, 2013, the district court issued another order (Doc 299) that reinstated its original appeal bond order of September 10, 2013. This appeal (13-1456, filed November 4, 2013) appeals that reinstatement order.

Per order of this court, the two appeals of the appeal bond order (Nelson's 13-1378 and Dorsey's pro-se 13-1456) "will be companioned, for purposes of disposition only." (Case 13-1378, Document 01019154380, page 2).

## Jurisdictional Statement

### Part 1 – This Appeal of the Appeal Bond

This is an appeal of a District Court's "Order" (hereinafter "the Reaffirming Order") that was dated and filed October 21, 2013 ("Order"; Doc 299, filed October 21, 2013).  The Reaffirming Order "reaffirmed" an earlier order of the court (hereinafter "the Original Order") that imposed an appeal bond in the amount of $1,007,294 on two Objectors (Ms. Sikora Nelson and Mr. Paul Dorsey) who had previously filed separate appeals of the district court's approval of a class action settlement.

The Original Order ("Order Granting Class Plaintiffs' Motion For Appeal Bond (Doc 268)"; Doc 272, filed September 10, 2013) was held in ABEYANCE by the district court in an order filed that same day ("Order Re Doc 273, Letter from Mr. Dorsey"; Doc 275, filed September 10, 2013.).

Objector Nelson filed an appeal of the Original Order with this Court on September 10, 2013, the same day as the Original Order was filed.  Dorsey, a pro-se objector not enrolled in the ECF system, did not appeal the Original Order prior to that order being held in ABEYANCE by the District Court later that same day (September 10, 2013).

Objector Dorsey filed his appeal (ie – this appeal) of the Reaffirming Order on November 4, 2013, 14 days after the filing of the Reaffirming Order (Appellant

Dorsey's "Notice of Appeal"; Doc 306, filed November 4, 2013). This Court has jurisdiction over the Bond Appeal for two reasons:

**Reason 1 - The Conventional Reason -** Because the district court's Order constitutes a final order from which Dorsey timely appealed. See 28 U.S.C. § 1291; Fed R. App. P. 4(a)(1)(A).

**Reason 2 - The Limited Remand Reason** – This court imposed a comprehensive stay of proceedings in the United States District Court for the District of Colorado in case no. 09-cv-00938-JLK (consolidated with case no. 10-cv-765-JLK) in its order filed January 24, 2012 in Appellate Case 11-1531:

> "Defendants-Appellants The Western Union Company (TWUC) and Western Union Financial Services, Inc. (WUFSI) move for a stay of proceedings in the United States District Court for the District of Colorado in case no. 09-cv-00938-JLK (consolidated with case no. 10-cv-765-JLK), pending the resolution on the merits of their appeal under 9 U.S.C. § 16(a) . . . [ ] . . . the motion for a stay is GRANTED. See McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160 (10th Cir. 2005) (holding 'that upon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits')." (10th Circuit Case 11-1531 Document 010187832020 Date Filed 01/24/2012).

Then, on November 20, 2012, this Court ordered a limited remand:

> This matter is before the court on the parties' Joint Motion for Limited Remand. The parties seek a limited remand to allow the district court to consider a proposed settlement of the claims underlying this proceeding. The request also asks this court to retain jurisdiction, and seeks a partial lifting of the comprehensive stay of the district court proceedings directed via this court's order dated January 24, 2012.

Upon consideration, the motion is granted. This appeal is remanded for the limited purpose of permitting the district court to consider the parties' settlement, along with its proposed settlement class, and to undertake any proceedings and to issue any orders required to consider the settlement. In this regard, we partially lift the stay issued on January 24, 2012 to the extent necessary for the district court to undertake these additional proceedings. We retain jurisdiction of the appeal and direct the clerk to abate this matter. [ ]" (10th Circuit Case 11-1531 Document 01018954424 Date Filed 11/20/2012).

This court ordered the district court to stop proceedings, then gave it limited permission to consider the Settlement and issue orders (admittedly, "any orders") required "to consider the Settlement". Under the plain language of its limited remand order, it never gave the district court permission to issue an appeal bond once it had "considered the Settlement". The district court would normally have had authority to issue an appeal bond, but not under the specific terms of this Court's limited remand order. Conversely, even if the district court had authority under the limited remand order, this Court has inherent authority and jurisdiction to interpret and enforce the terms of its own orders on a lower court.

## Part 2 – The Appeal Subject to the Appeal Bond

The appeal bond targets the appeal of the district court's "Amended Judgment and Order of Dismissal" that was filed June 26, 2013 (Dkt 256) regarding United States District Court – District of Colorado case number 1:09-CV-00938-JLK-KMT consolidated with No. 10-cv-00765-JLK (see 10th Circuit 13-1317). An earlier appeal pursuant to section 16 of the Federal Arbitration Act

(FAA) was filed in that case to this court (see 10th Circuit 11-1531), and this court currently retains jurisdiction of that appeal ("We retain jurisdiction of the appeal . . . ") (10th Cir. 11-1531; No. 10021069, second of three paragraphs).

However, per this court's order filed Nov. 20, 2012, that appeal was

". . . remanded for the limited purpose of permitting the district court to consider the parties' settlement, along with its proposed settlement class, and to undertake any proceedings and to issue any orders required to consider the settlement. In this regard, we partially lift the stay issued on January 24, 2012 to the extent necessary for the district court to undertake these additional proceedings. We retain jurisdiction of the appeal and direct the clerk to abate this matter." (10th Cir. 11-1531; No. 10021069, second of three paragraphs).

The Amended Judgment and Order of Dismissal (Dkt 256), which was the District Court's final judgment pursuant to Fed. R. Civ. Proc. 54(b), was issued on June 25, 2013 but filed June 26, 2013. Objector Paul Dorsey, the *pro-se* appellant in this case and 13-1317, filed a notice of appeal with the District Court on July 25, 2013 (Dkt 263). Dorsey's notice was timely under Fed. R. App. Proc. 4(a)(1)(A).

This court has appellate jurisdiction in case 13-1317 via Dorsey's timely-filed appeal from a final judgment under 28 U.S.C. §1291. Dorsey is a class member who filed a timely objection with the district court. Dorsey, as a class member and objector, has standing to appeal a final approval of a class action settlement without the need to intervene formally in the case. *Devlin v. Scardelletti,* 536 U.S. 1 (2002).

## Part 3 – The Original Case in District Court

With regard to the United States District Court – District of Colorado's original jurisdiction from the filing of the initial lawsuit in 2009:

First, United States District Courts have diversity jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  One relevant fact is that both the originating lawsuit (Dkt 1) and the Second Amended Consolidated Class Action Complaint (Dkt 45) were filed as class actions under rule 23 of the Federal Rules of Civil Procedure.

In addition, in the Amended Final Judgement and Order of Dismissal (Dkt 256), the District Court stated "Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Federal Rule 23"), the Court confirms certification of the following Class . . . ".

A second relevant fact is that the matter in controversy exceeds $100,000,000 (the proposed settlement fund is approximately $132 million), which exceeds the sum of $5,000,000, exclusive of interest and costs, which is the statutory threshold.

A third relevant fact is that there are many members of the class of plaintiffs that reside in states different from any defendant (either The Western Union Company or Western Union Financial Services, Inc.), not just one member, or "any member", which is the statutory threshold.

Second, the United States District Court – District of Colorado has "venue jurisdiction" (or perhaps phrased more conventionally, should be considered the appropriate venue for adjudication of the originating lawsuit) under 28 USC §1391(a)(1) and 28 USC §1391(b)(2). The relevant facts being that one defendant, Western Union Financial Services, Inc. is a Colorado corporation with its principal place of business in Colorado and the other defendant, The Western Union Company, while a Delaware corporation, also has its principal place of business in Colorado.

### Part 4 – The First Appeal

With regard to this Court's jurisdiction in Case 11-1531, the earlier appeal: It is undisputed that Western Union Financial Services, Inc moved to compel arbitration under section 4 of the FAA and applied for a stay pending arbitration under section 3 of the FAA. Thus, this Court has jurisdiction of the earlier appeal pursuant to section 16 of the FAA, 9 U.S.C. §§16(a)(1)(A) and (B).

## Issues Presented

Did the district court abuse its discretion by approving $25,000 in costs related to printing, copying and preparation of the supplemental record without any supporting justification other than references to amounts imposed by other district courts in other cases?

Did the district court abuse its discretion by entering a FRAP 7 appeal bond that includes delay costs that are bondable only when an appellant requests a stay pursuant to FRAP 8?

## Statement of the Case

This is a *pro-se* appeal - by a non-named plaintiff / objector - of a district court's order for an appeal bond in the amount of $1,007,294, to be paid jointly and severally by "the two appealing objectors."

The other appealing objector of the appeal bond order (see case 13-1378) is represented by counsel.

This Court, on motion from the other objector, has decided to hear the cases on an expedited basis.

Therefore, in accordance with Fed R. App. P Rule 28(i) (". . . any party may adopt by reference a part of another's brief.") , Nelson's "Statement of the Case" is hereby adopted by reference.

## Statement of the Facts

### The 25,000 in Traditional Costs Under FRAP 7

In Class Counsel's motion for appeal bond, it stated:

"FRAP 7 explicitly provides for costs for printing, copying and preparation of the record. A bond for such expenses is routine and

need not be requested with specificity given the number of unknowns that counsel face when asking for such a bond. 'Costs that may be taxed in an appeal bond include the costs of preparing and transmitting the record, costs of obtaining' *In re Uponor*, *3 ('Courts routinely approve bonds for appeal-related costs of $25.000.' See *In re. Ins. Brokerage Antitrust Lit.,* 2007 WL 1963063 at *2-3 (D.N.J. July 2, 2007)) ("Class Plaintiffs' Motion for Appeal Bond" Doc 268 at 7 of 13, filed August 12, 2013, CA 45)

In Dorsey's filings with the district court, he stated:

Given the traditional interpretation of "costs on appeal" I believe a $5,000 cash bond is more than adequate to cover any cost by Class Counsel. And I would post such a bond within 15 days. As a pro-se litigant, the Clerk provides the record on appeal. Also, while this case started in 2009, it was already on appeal to the 10th Circuit for over a year. There was no trial transcript to run up the costs.

The District Court, in its Original Order assessed "$25,000 to cover the costs of printing and copying and preparation of a supplemental record on the appeals."

## **All Other Costs Other Than the $25,000 in Traditional Costs Under FRAP 7**

In accordance with Fed. R. App. P Rule 28(i) (". . . any party may adopt by reference a part of another's brief.") , Nelson's "Statement of Facts" section is hereby adopted by reference with regard to the portion of the bond not related to the $25,000 in traditional costs under FRAP 7.

## Summary of the Argument

### $25,000 in Traditional Costs

The Plaintiffs asked the district court to impose a bond to cover taxable costs. Rule 7 unquestionably permits this. Plaintiffs asked the district court to set a bond in the amount that, by subtracting other category of costs from the total bond request yielded a $25,000 amount to cover the costs of printing and copying and preparation of a supplemental record on the appeals. The court approved the full $25,000 without further explanation. Neither the Plaintiffs nor the district court offered any support, however, for the proposition that taxable costs could amount to $25,000 or anything close to it. There is no reasonable possibility that the expense of preparing transcripts, the expense of duplicating the record or the expense of duplicating the briefs will approach $25,000. Rule 7 is not intended to authorize a court to impose a bond in order to deter or prevent an appeal.

### All Other Costs Other Than the $25,000 in Traditional Costs Under FRAP 7

No federal court of appeals has ever held, stated or even suggested that the type of 'extra administrative expenses' Class Counsel contend are occasioned by Objectors' appeals can be considered 'costs on appeal' where there is no statutory basis for the taxing of such expenses as costs.

In cases involving class action settlements, district courts disagree on whether the additional cost of settlement administration are properly included within the calculation of a bond amount under Rule 7.

Courts that refuse to impose appeal bonds to cover increased settlement administration costs reason that such cost are not "costs on appeal" because they are not within the scope of the Rule 39(e) taxable costs or another applicable fee-shifting statute.

## The Argument

District Courts have ruled against appeal bonds covering traditional FRAP 7 costs for a fixed, set amount without some justification for the amount:

> "Plaintiffs also ask the Court to impose a bond to cover taxable costs. Rule 7 unquestionably permits this. Plaintiffs asked the district court to set a bond in the amount of $25,000. They offer no support, however, for the proposition that taxable costs could amount to $25,000 or anything close to it. There is no reasonable possibility that the expense of preparing transcripts (likely just the preliminary approval and final approval hearings regarding the settlement), the expense of duplicating the record, the expense of duplicating the briefs and the appellate filing fee will approach that amount. Rule 7 is not intended to authorize a court to impose a bond in order to deter or prevent an appeal." (See *In re: Navistar Diesel Engine Products Liability Litgation*.  2013 LEXIS 113111 at 5. N Dist IL Eastern Division August 12, 2013).

Also,

> "The Court finds that plaintiffs' request of $25,000 is excessive. Plaintiffs have failed to justify that amount, and there is no evidence

to suggest that this appeal will involve as much printing or copying as was necessary in In re Initial Public Offering Securities Litigation. Therefore, the Court finds that $5,000 would be sufficient to cover any such taxable costs." (See *In re Bayer Corp. Combination Aspirin Products Marketing and Sales Practices Litigation.* 09-md-2023(BMC) page 6 E Dist of New York., September 3, 2013).

With regard to the administrative costs ($982,000 or 97.5% of the $1,007,294) assessed by the court: No federal court of appeals has ever held, stated or even suggested that the type of 'extra administrative expenses' Class Counsel contend are occasioned by Objectors' appeals can be considered 'costs on appeal' where there is no statutory basis for the taxing of such expenses as costs.

But less than two months ago, the Central District of California addressed this exact issue of administrative costs (and, most importantly, the district courts varying positions on the issue). In its very well reasoned five page opinion, the court stated:

> "Courts that refuse to impose appeal bonds to cover increased settlement administration costs reason that such cost are not "costs on appeal" because they are not within the scope of the Rule 39(e) taxable costs or another applicable fee-shifting statute. Here, this Court is persuaded by that rationale." (Internal citation omitted).
> (See *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation.* 10-ml-02151-JVS-FMO Doc 4397 at 4. Filed October 21, 2013 C. Dist Calif.)

In addition, in accordance with Fed R. App. P Rule 28(i) (". . . any party may adopt by reference a part of another's brief.") , Nelson's "Argument" section

is hereby adopted by reference with regard its discussion of the increased settlement administration expenses.

## Conclusion

For the foregoing reasons, the Order imposing a $1,007,294 appeal bond on the two appealing objectors should be vacated.

Respectfully Submitted,

11·22·13

*Paul Dorsey*

Date

Paul Dorsey
Pro se
Objector / Appellant
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081

### Certificate of Service

I hereby certify that on November 22, 2013, I mailed a copy of this opening brief to all counsel of record using 1st class mail, postage prepaid, per the attached list.

11·22·13

*Paul Dorsey*

Date

Paul Dorsey
Objector / Appellate
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081

## "CERTIFICATE OF SERVICE" LIST

Richard J. Burke
Complex Litigation Group LLC
Suite 1340
1010 Market Street
St. Louis, MO  63101-2033

Thomas M. Barba
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

Jamie E. Weiss
Complex Litigation Group LLC
Suite 300
513 Central Avenue
Highland Park, IL  60035

Charles G. Cole
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036

Jonathan Shub
Seeger Weiss LLP
Suite 1380
1515 Market Street
Philadelphia, PA  19102

Jason A. Yurasek
Perkins Coie LLP
Suite 2400
Four Embarcadero Center
San Francisco, CA  94111

Jimmy S. Calton, Jr.
Calton Legal Services
332 South Eufaula Avenue
Eufaula, AL  36027

Jess A. Dance
Perkins Coie LLP
Suite 2400
Four Embarcadero Center
San Francisco, CA  94111

Gillian R. Feiner
Massachusetts Atty General's Office
One Ashburton Place #2019
Boston, MA  02108

Ted Westbrook
Drew Cooper & Anding
Suite 200
80 Ottawa Avenue, NW
Grand Rapids, MI  49503

## **CERTIFICATE OF PRIVACY REDACTIONS**

I certify all required privacy redactions have been made.

11·22·13
_____
Date

_Paul Dorsey_
_____
Paul Dorsey
Objector / Appellate
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081

Case No. 13-1456

---

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

JAMES P. TENNILLE; ADELAIDA DELEON; YAMILET RODRIGUEZ;
ROBERT P. SMET, individually and on behalf of all others similarly situated,

Plaintiffs / Appellees


THE WESTERN UNION COMPANY And WESTERN UNION FINANCIAL
SERVICES, INC.

Defendants / Appellees

and

PAUL DORSEY, *pro se*
Non-named Plaintiff - Objector / Appellant

---

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. R. 28.1(e)(2)
   or 32(a)(7) because 3,342

   This brief contains ~~10,001~~ words, excluding parts of the brief exempted by Fed.
   R. App. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
   and the type and style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using Microsoft
   Word 97 in Times New Roman, 14-point font.

11·22·13    ~~10-28-13~~                     *Paul Dorsey*
PAUL DORSEY, pro se
110 Westminster Drive
West Hartford, CT  06107
(860) 521-0081



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00938-JLK-KMT** (consolidated with No. 10-cv-00765-JLK)

**JAMES P. TENILLE, ROBERT SMET, ADELAIDA DELEON and YAMILET**

**RODRIGUEZ**, individually and on behalf of all others similarly situated,

      Plaintiffs,

         v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.**,

      Defendants.

---

### ORDER GRANTING CLASS PLAINTIFFS' MOTION FOR APPEAL BOND (Doc. 268)

---

Kane, J.

      Final judgment approving a nationwide class-action settlement in this litigation was entered in June 2013. Since then, two objectors – out of a class numbering more than one million members – have filed notices of appeal. The Settlement Class has filed a Motion for Appeal Bond under pursuant to Rule 7 of the Federal Rules of Appellate Procedure (Doc. 268), arguing the appeals of objectors Sikora West and Paul Dorsey are substantively baseless and will operate to delay the implementation of a hard-fought nationwide class-action settlement that has already been deemed to be fair and to provide "excellent relief" to the class. Plaintiffs seek entry of a cost bond to cover the supplemental notice that will be necessary to inform the class of the pendency of the appeal, the additional settlement administration costs that will accrue on a monthly basis as a result of the delay, and printing and copying costs associated with the

1

preparation of a supplemental record on appeal.

Only Ms. Nelson has filed a response to Plaintiffs' Motion, and I am unpersuaded by her argument that the cost bond at issue is a "bullying" tactic aimed at thwarting a "meritorious" appeal and that imposing it would strike a "historic blow to the legal rights of objecting class members." The appeal, like the objection it seeks to vindicate, is not meritorious, but even if it were, the costs it imposes on the Settlement Class and the claims process that will be delayed as a result are substantial and undisputed. I GRANT the Motion and will require an appeal bond in the amount of **$1,007,294** to cover the potential costs of Objector Nelson's and Objector Dorsey's appeals, itemized as follows:

A. $647,674 for the costs of providing a supplemental notice to the Settlement Class;

B. $334,620 to cover increased settlement administration costs of $37,180 per month for nine months; and

C. $25,000 to cover the costs of printing and copying and preparation of a supplemental record on the appeals.

The $1,007,294 bond shall be payable jointly and severally by the two appealing objectors.

Dated September 10, 2013.

**s/John L. Kane**_____
SENIOR U.S. DISTRICT JUDGE

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00938-JLK-KMT** (consolidated with No. 10-cv-00765-JLK)

**JAMES P. TENILLE, ROBERT SMET, ADELAIDA DELEON and YAMILET**

**RODRIGUEZ**, individually and on behalf of all others similarly situated,

     Plaintiffs,

        v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES,**
**INC.,**

     Defendants.

---

### ORDER RE Doc. 273, LETTER FROM MR. DORSEY

---

Kane, J.

     In a letter dated September 9, 2013, Plaintiff Class Member and Settlement Objector Paul

Dorsey takes issue with the Motion for Appeal Bond class counsel filed on behalf of the

Settlement Class on August 12, 2013.  The Motion sought an order requiring Mr. Dorsey and

Ms. Sikora Nelson to post a cost bond pursuant to FRAP Rule 7 to secure the substantial

expenditures the class will incur as a result of their appeals of the Class Action Settlement

approved in this case last June.  I granted the Motion in an Order issued first thing this morning,

before Mr. Dorsey's letter came in (Doc. 272).[1]

---

[1] While Mr. Dorsey's letter is dated September 9, 2013, it was faxed from a Fed Ex
office after business hours and was not received by Court personnel or scanned into the Court's
electronic filing system for docketing until after my Order issued.

1

Mr. Dorsey purports not to have seen Class Counsel's Motion and takes issue with

Counsel's failure either to serve him with a copy of the Motion on August 12, 2013 in

accordance with D.C.COLO.LCiv.R 5.1G or to confer with him before filing as required by

D.C.COLO.LCiv.R 7.1A.  Given the nature of the bond Motion and the amount of the bond

ordered, I TREAT Mr. Dorsey's Letter as a MOTION FOR RECONSIDERATION and DIRECT

Counsel to Respond to it on or before September 17, 2013.  In the interim, I hold the Order for

Appeal Bond IN ABEYANCE until further order of the Court.

Dated September 10, 2013.

                                        s/John L. Kane
                                        SENIOR U.S. DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00938-JLK** (consolidated with 10-cv-765-JLK)

**JAMES P. TENNILLE, on behalf of himself and all others similarly situated,**

  Plaintiff,

v.

**THE WESTERN UNION COMPANY and WESTERN UNION FINANCIAL SERVICES, INC.,**

Defendants.

---

### ORDER

---

Kane, J.

  This class action litigation arose out of Western Union's business practice of leveraging the time value of unclaimed transfer funds until state unclaimed property laws mandated they disclose and attempt to repatriate them. In extensive motions practice over a period of years, Western Union succeeded in dismissing all of Plaintiffs' claims save for Plaintiffs' equitable claims premised on various theories of unjust enrichment. Western Union's motion to compel class members to submit to individual arbitration was denied, and an appeal was taken. After lengthy negotiations before private and Tenth Circuit mediators, the litigation culminated in a global settlement calling for sweeping and substantive changes to the way Western Union does business. Class members were notified of the Class Action Settlement Agreement and afforded the opportunity both to opt out of the settlement class or to object to the Agreement's terms.

At a fairness hearing held on June 24, 2013, the objections of various class
members including Sikora Nelson and Paul Dorsey were heard. *See* Minutes (Doc. 254).
Ms. Nelson appeared personally through counsel. Mr. Dorsey had been scheduled to
appear personally but did not, citing the fact that the hearing had been rescheduled ten
days from its original date and Mr. Dorsey could not change his flight. *See* Withdrawal
of Notice of Intention to Appear (Doc. 250).

At the fairness hearing, I heard from counsel on each of the pending objections,
including Mr. Dorsey's. *See* Hg. Tr. (Doc. 257) at pp. 27-35. Mr. Dorsey's objection
focused primarily on the issue of notice and it, together with Ms. Nelson's objection and
the pro se objections of a handful of other class members, was overruled. I proceeded to
fairness determinations, and ultimately approved the settlement. In doing so I described
the difficult nature of the case and the exceedingly narrow path the Plaintiff Class faced
to a successful resolution. *Id.* at 30. I found the parties' agreement to have been the
result of "vigorous, at times contentious, negotiations" over a long period of time. *Id.* at
30. Given the nature of the dispute and global business practices at issue, I went so far as
finding the settlement "remarkable." *Id.* Final Judgment on my approval was entered the
following day, on June 25, 2013. (Doc. 253.)

Ms. Nelson, through her counsel, filed an appeal of the Final Judgment and my
findings overruling her objection, and Mr. Dorsey joined in that appeal. The matter is
before me now on Class Plaintiffs' Motion for Appeal Bond (Doc. 268), which I
originally granted over Ms. Nelson's written objection and without hearing from Mr.

Dorsey given that the time for responding to the Motion had run. (Doc. 272.) Mr.

Dorsey's handwritten response was received in chambers later that same day. *See* Letter

from P. Dorsey (Doc.273). Given Mr. Dorsey's pro se status and the nature of the relief

that had been ordered against him, I treated his letter as a Motion for Reconsideration and

directed Class Counsel to respond to it. *See* Order re Letter from Mr. Dorsey (Doc. 275).

Class Counsel did so in the form of a Motion to Supplement the Record to Respond to

Objector Dorsey's Request for Claims Administration Invoice (Doc. 289). Class Counsel

also filed a separate Reply in support of their Motion for Appeal Bond. (Doc. 284). I

gave Mr. Dorsey the last word on the appeal bond issue by directing him to file his "final

response/reply in support of his Motion for Reconsideration" (Doc. 291), which he timely

filed on October 15, 2013. (Doc. 294). Accordingly, Mr. Dorsey's response to Class

Plaintiffs' Motion for Appeal Bond stands fully briefed, and I address it as follows:

The substance of Mr. Dorsey's objection to Plaintiffs' Motion for Appeal Bond

was the lack of evidentiary basis for the $1,007,294 bond amount.[1] Mr. Dorsey questions

Class Counsel's representations regarding the need for an additional mass mailing to the

nationwide class to notify them of the appeal and resulting delays, as well as counsel's

---

[1] I pause briefly to dispose of the parties' dispute regarding the legal standard applicable to Mr. Dorsey's response. Class Counsel emphasizes the procedural vehicle, citing law in this circuit regarding Motions for Reconsideration that preclude revisiting a decision of the Court absent demonstration of a mistake "not of reasoning but of apprehension . . . [or] a significant change or development in the law or facts since submission." Class Pls' Response (Doc. 284) at 1. Mr. Dorsey asks that his Motion be treated as a request to respond to the Motion for Appeal Bond in the first instance. Given Mr. Dorsey's pro se status and his history of diligent participation throughout the course of the settlement proceedings, I apply no heightened standard and consider his substantive Reponse, filed on September 30, 2013 (Doc. 287) on its merits.

assertions regarding call volume and $37,180 per month in additional administrative costs. Mr. Dorsey asks Class Counsel to provide copies of invoices and phone records to support these claims "as a show of good faith," and asks whether supplemental class notice could not be effected "by simply and efficiently posting an update on the website maintained by the Class Administrator" rather than pursue costly individualized mailing. Finally, Mr. Dorsey asks whether Class Counsel "really intend(s) to advise the Class of what their options are while the appeal remains pending, as it stated to the Court in its Motion for Bond," or is that "just posturing for the Court?" The gist of Mr. Dorsey's response is that Class Counsel's estimates regarding the cost of the delay were exaggerated as a "bullying tactic against the Objectors." *See* Mr. Dorsey's Response (Doc. 287), pp. 2-4.

In response, Class Counsel moves to supplement the record, *see* Motion (Doc. 289), attaching the September Claims Administration Report – identifying over 9,045 total minutes of live agent calls and over 2,000 calls to the automated claims system in September 2013 alone (Ex. 1 to Doc. 289) – as well as the claims administration bill for September in the amount of $30,402.36 (Ex. 2). "There will be highs and lows along the way," Class Counsel states, "but there most assuredly will continue to be class member contacts generating increases in the cost of administration the recurrence of which will be elongated by the period of the appeal." *See id.* I agree. The nature of the class action settlement, its nationwide scope, and the sheer number of class members – many of whom are unsophisticated or non-native English speakers or otherwise unfamiliar with legal

proceedings or their rights under the Agreement – portends a hands-on claims process requiring considerable effort on the part of the Claims Administrator. As Class Plaintiffs correctly observe, the setting of an appeal bond necessarily involves forward-looking estimates and educated guesswork. Based on my familiarity with this case and the record before me, Class Counsel's cost estimate of $1,007,294 is not unreasonable and is not asserted as a "tactic" merely to "bully" the appealing objectors.

Having considered Mr. Dorsey's response to the Motion for Appeal Bond together with Plaintiffs' Motion to Supplement the Record and related briefing, I REAFFIRM my Order granting the Appeal Bond (Doc. 272) and ORDER a bond in the amount of $1,007,294 be payable jointly and severally by Ms. Nelson and Mr. Dorsey. With the exception of ancillary attorney fee issues, which have been referred to Magistrate Judge Tafoya and do not affect appellate jurisdiction, the proceedings in the district court are CONCLUDED.

Dated October 21, 2013.

s/John L. Kane
SENIOR U.S. DISTRICT JUDGE

5